HENRY G. TAUSSIG COMPANY, APPELLANT, v. JOHN S. POINDEXTER AND F. H. DANGLADE, RESPONDENTS.—30 S. W. (2d) 635.

Springfield Court of Appeals. July 29, 1930.

*Westley Halliburton* for appellant.

*Ray Bond* for respondent Poindexter.

582

. A. E. Spencer and A. E. Spencer, Jr. for respondent Danglade.

COX, P. J.—Action upon six trade acceptances totaling about $3900. Trial by court who found for the defendants. Plaintiff appealed.

When the petition was filed six other parties were made defendants with Poindexter and Danglade but the suit as to those six defendants was dismissed before judgment. The petition declared against all defendants as partners. Defendants Poindexter and Danglade each filed a separate answer which was a general denial and a denial under oath of the alleged partnership.

At the trial, plaintiff offered the trade acceptances declared upon which were accepted by E. R. Miller Cigar Company, by E. R. Miller. Plaintiff then admitted receipt on June 14, 1927, of $367.05 and on September 13, 1928, the sum of $223.90 which were paid as dividends upon the bankrupt estate of E. R. Miller Cigar Company. Plaintiff then attempted to prove the partnership by offering in evidence a certain declaration of trust agreement which plaintiff contends is void as a trust agreement and that by reason of that fact, these defendants who owned certain shares in the alleged trust estate were, as a matter of law, partners. This trust agreement at its beginning provided as follows:

"DECLARATION OF TRUST AGREEMENT.

"THIS DECLARATION OF TRUST, Made this 23rd day of February, 1922 by E. R. Miller, W. O. Miles and Phillip G. Gephart, hereinafter called, Trustees,

"WITNESSETH: That whereas, on the 23rd day of February, 1922, there was conveyed to said trustees certain moneys, right and

interests and property rights as set forth in Schedule 'A' identified by the signatures of the parties thereto to be held by them upon the trust hereinafter set forth said conveyance being filed with said trustees and reference to which is hereby made,

"Now, Therefore, We the said Trustees, acting and speaking in our own behalf and that of our future associates, trustees and their successors and associates trustees of us and all of them do hereby declare said trust as follows:

"1. This declaration of trust shall be binding upon said trustees as well as future subscribers to shares, present holders or future purchasers of shares hereunder.

"2. This Association shall be designated, trade and do business as the E. R. Miller Cigar Company, and so far as practicable all business thereof shall be transacted and trust property and trust funds held under that name."

This alleged trust agreement also contained the following provisions:

"That the trustees should hold title to the property for the benefit of all shareholders and should serve until a vacancy should occur by death, resignation or removal, and all vacancies should be filled by the remaining trustees.

"That the beneficial interest in the trust should be divided into 1250 shares, each to have a nominal par value of $100. The trustees were to issue to each shareholder a negotiable certificate in such form as the trustees should by resolution adopt. These certificates should be personal property giving only the right to share in the profits of the business and a division of the trust funds upon the dissolution of the trust. It also provided that: 'It is hereby declared that a trust and not a partnership is hereby created and neither the trustees nor the shareholders, present or future, shall ever be personally liable hereunder as partners or otherwise.' The trustees certificate of interest issued to shareholders provided that it was fully paid and non-assessable subject to the declaration of trust.

"This declaration of trust was executed by E. R. Miller, W. O. Miles and Phillip G. Gephart on February 23, 1922.

"Schedule 'A' referred to in the beginning of the declaration of trust began with the following: THIS INDENTURE made this 23rd day of February, 1922, by and between E. R. Miller, W. O. Miles, and Phillip G. Gephart, holders of beneficial interest for themselves and their assigns and the undersigned trustees for themselves and their successors witnesseth:

"That the following described cash and property as below set forth has been this day transferred to the undersigned trustees as a trust estate in accordance with a certain agreement and a declaration of trust between the same parties of even date herewith to which this

schedule is attached and of which it is made a part.'' This is followed by a list of property and cash contributed totaling $125,000. This document is signed by E. R. Miller, W. O. Miles and Phillip G. Gephart as trustees; also signed by the same parties as beneficial owners.

The contention of appellant is to the effect that since in the attempted establishment of this trust estate the trustees and the holders of the beneficial interests were the same persons they could not be trustees for themselves and since the trustees held the legal title and it was superior to the beneficial interests held by the same parties, the lesser estate was merged in the greater estate and thereby became extinguished and left the three men who signed the declaration of trust and the document designated as Schedule ''A'' the owners of the absolute title to the property described and made them, therefore, partners in the business transacted by them and any future holders of beneficial interests who should purchase an interest from either of these parties occupied the same relation to the business of the E. R. Miller Cigar Company as did the party from whom he purchased his interest.

We are cited to a large number of decisions and statements from text writers on the question of merger and we agree with appellant that as a general rule when the same party becomes the owner of both a larger and a smaller estate in the same property, they merge and the smaller estate becomes extinct. This is always true when there is no intermediate estate. [Willis v. Robinson, 291 Mo. 650, 676, 237 S. W. 1030; Curry v. Lafon, 133 Mo. App. 163, 178, 113 S. W. 246.]

In fact, all the authorities agree on that proposition. There are exceptions where the intent and interest of the party require that the estates remain separate. We are disposed to hold with appellant as to the question of merger of the beneficial interest and the legal title in the three persons who undertook to establish themselves as trustees for themselves and then do business as a trust for themselves and avoid personal liability for obligations incurred in the transaction of the business, and had these trade acceptances been issued by the E. R. Miller Cigar Company while the three persons, Miller, Miles and Gephart were trustees and owned all the beneficial interest we should be inclined to the view that they were partners as to their creditors and personally liable, but long before these trade acceptances were issued a large number of shares in the beneficial interest of the concern had been sold to other parties so that at the time these obligations were incurred there were a number of parties holding certificates of beneficial interest who had no interest in the legal title to the propery and had no control over the trustees. While this declaration of trust which is conceded to be in

correct and legal form should, we think, be held, of no effect when executed because the entire beneficial interest was placed in the trustees, yet, as soon as other parties became holders of beneficial interests so that their estate and that of the trustees was separate and distinct and the trustees were in fact trustees for them as well as for themselves, then life was thereby imparted to the trust agreement and it became a valid instrument.

But if we should concede that the trust agreement never became effective, it does not follow that a party who purchased shares under this trust agreement and received therefor a certificate of beneficial interest became thereby a partner in the business transacted under the trust agreement. That the trustees who were also the owners of the entire beneficial interest at the time the trust agreement was executed and subsequently acted under it and issued shares in the beneficial interest, only, to these defendants and others in the belief that the trust agreement was valid and those who purchased shares also made the purchase under the terms of the trust agreement cannot be questioned. These facts are important in determining whether or not these defendants can be held as partners. There can be no question that as between themselves these parties were not partners. The only interest in the business that was acquired by these defendants was a right to share in the profits of the business and, should the trust be dissolved, a right to share in the funds realized from the settlement of the business and distribution of said funds. They had no voice in the management of the business and had no control over the trustees who did manage the business. All they could do was to remain quiet, wait until profits were to be divided and then receive their share thereof. Whether the trust agreement could be held valid or not, it must be considered in determining the relation of these defendants to the business and obligations of the E. R. Miller Cigar Company. The shares issued to them were issued under the terms of the trust agreement and that expressly provided that a partnership was not created and no shareholder should ever be personally liable as a partner or otherwise. Whether persons are partners as between themselves depends entirely upon the contract between them. To constitute a partnership *inter sese* there must be an agreement between the members of the partnership that each shall share in the profits and be personally liable for his part of the losses. The agreement to be responsible for any part of the losses in the business of the E. R. Miller Cigar Company was expressly provided against when the trustees issued certificates of beneficial interest to these defendants so that there can be no question that these defendants were not partners with Miller, Miles and Gephart in the business of the E. R. Miller Cigar Company. Upon that premise it must follow that these defendants cannot be held liable to plaintiff

as partners for in the absence of estoppel a party cannot be held liable as a partner with another party where a partnership did not in fact exist between them. [National Bank of Commerce v. Francis, 296 Mo. 169, 246 S. W. 327; Darling v. Buddy, 318 Mo. 784, 1 S. W. (2d) 163.]

As to defendant Danglade his evidence was to the effect that what shares were held by him were held as collateral security for money loaned by him to the E. R. Miller Cigar Company and since the court found in his favor, the judgment as to him should be affirmed in any event.

We are of the opinion that the evidence supports the judgment of the trial court as to both defendants and the judgment should be affirmed. It is so ordered. *Bailey* and *Smith, JJ.,* concur.